IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE BROWN, #K-7247, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1266-SMY |
| ) | |
| STEVEN DUNCAN, RICHARD MOORE, ) | |
| BETH TREDWAD, RODNEY RHODES, ) | |
| SALVADOR GODINEZ, and ) | |
| JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Maurice Brown, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has filed a motion for preliminary injunction and temporary restraining order (Doc. 1). Plaintiff has not paid the $400 filing fee, nor has he sought leave to proceed *in forma pauperis* ("IFP") in this case (*see* 28 U.S.C. § 1914(a)). As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay or move for IFP status. (Doc. 2). Regardless, because Plaintiff seeks immediate injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

According to the motion for preliminary injunction and temporary restraining order, Plaintiff had an altercation with another inmate, Antione Davis, on some unspecified date. (Doc. 1). Plaintiff asserts that he made "several attempts" to notify staff of the "threat this inmate holds over" him. *Id.* at 1. However, Plaintiff contends that Defendants have ignored his "cries and pleadings." On October 17, 2014, Plaintiff was moved from one housing unit to another unit, where Davis was housed. *Id.* When Plaintiff informed Defendant Rhodes that Davis was

an enemy, Rhodes allegedly told Plaintiff he needed to learn how to fight. *Id*. Plaintiff refused the housing assignment and was placed in segregation. At the time Plaintiff filed the present motion, he was still in segregation. *Id*. at 2. Plaintiff requests an order directing Defendants to identify Davis as one of Plaintiff's known enemies, transfer Plaintiff into protective custody, and award Plaintiff $1,050.00 for every day he has spent in segregation. *Id*.

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, this is impossible to do because Plaintiff has not filed a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 1) describes a potential failure to protect claim, it cannot suffice as a complaint.

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system and for good reason. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine what causes of action Plaintiff intends to assert against which defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Here, Plaintiff provides no details on what steps he has taken to obtain protective custody beyond a vague assertion that he has made Defendants aware of the threat he believes Davis poses. Beyond this vague allegation, Plaintiff provides little to no details regarding how each named Defendant was informed of the situation and/or how the named Defendant is personally responsible for the alleged constitutional violation. The Court takes very seriously claims by inmates that the Illinois Department of Corrections ("IDOC") has failed to take reasonable steps to protect the health and safety of an inmate, but the Court is also mindful that there is a process within IDOC for requesting protective custody. *See* 20 ILL. ADMIN. CODE § 501.320 (discussing the protocol to be followed when an inmate requests protective custody). As the United States Supreme Court has noted:

> When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them. *Cf.* 42 U.S.C. § 1997e (authorizing district courts in § 1983 actions to require inmates to exhaust "such plain, speedy, and effective administrative remedies as are available"). Even apart from the demands of equity, an inmate would be well advised to take advantage of internal prison procedures for resolving inmate grievances. When those procedures produce results, they will typically do so faster than judicial processes can.

*Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Since Plaintiff states that he is currently in segregation, there is no indication that Davis currently poses an imminent threat of harm to Plaintiff. As such, the Court will delay ruling on Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 1) and allow Plaintiff an opportunity to cure the defects in his pleading by filing a complaint within 35 days of the entry of this order. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's form complaint as he prepares his pleading. Plaintiff

must clearly identify which claim(s) he is bringing against which Defendant(s). In particular, the allegations should demonstrate which Defendant(s) are personally responsible for any claimed violation of his constitutional rights.

**IT IS THEREFORE ORDERED** that within 35 days of the date of this order (on or before December 23, 2014), Plaintiff shall file a complaint, thereby properly initiating an action. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $400.00 filing fee applicable to this action or, in the alternative, file a motion to proceed *in forma pauperis*, as directed by the Clerk of the Court in the letter dated November 10, 2014. (Doc. 2). If Plaintiff elects to file a motion to proceed *in forma pauperis*, it should be supported by a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff was given 30 days from November 10, 2014 to pay the $400.00 filing fee or to file a motion to proceed *in forma pauperis*. (Doc. 2). If upon conclusion of this thirty-day period, Plaintiff has done neither, this case will be closed for failure to comply with an order of this Court. Fed.R.Civ.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d

466 (7th Cir. 1994).

The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2014**

s/ STACI M. YANDLE  
United States District Judge