IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE BROWN, #K-7247, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1266-SMY |
| | ) | |
| STEVEN DUNCAN, RICHARD MOORE, | ) | |
| BETH TREDWAY, RODNEY RHODES, | ) | |
| SALVADOR GODINEZ, and | ) | |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for review of Plaintiff's complaint (Doc. 5) filed on

December 3, 2014.  Plaintiff initially filed only a motion requesting immediate injunctive relief.

(Doc. 1).  In an Order dated November 18, 2014 (Doc. 3), the Court advised Plaintiff that he

must first file a complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure,

before the Court could conduct a preliminary review of the case, as required by 28 U.S.C. §

1915(A).  The Court explained in detail the importance of the complaint and provided guidance

on what the complaint should contain.  Specifically, the Court noted that Plaintiffs are required

to associate specific defendants with specific claims, to ensure that defendants are put on notice

of the claims brought against them so that they can properly answer the complaint.  *See Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

The Court delayed ruling on the motion for immediate injunctive relief (Doc. 1) and

ordered Plaintiff to file a complaint by December 23, 2014.  The Court advised Plaintiff that the

complaint must clearly identify which claim(s) he is bringing against which Defendant(s) and

that the allegations should demonstrate which Defendant(s) are *personally responsible* for any claimed violation of his constitutional rights.

Plaintiff filed a complaint (Doc. 5) within the allotted time frame. However, in substance, the complaint fails to comply with the rest of the Court's Order (Doc. 3) and the Federal Rules of Civil Procedure for the following reasons.

First, although Plaintiff names Defendants Duncan, Moore, Tredway, Rhodes, Godinez, and John Doe[1] in the caption of his complaint, he fails to list them in the statement of claim, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants. Instead, the complaint vaguely asserts that on October 17, 2014, Plaintiff's "constitutional rights were violated by the Defendant, in this case, by putting inmate Brown in a unsafe conditions when they sent Brown to housing unit 2-B were they new it was unsafe for him, that was cruel and unusual punishment and infliction of emotional distress. . ." (Doc. 5, p. 7). The statement of the claim provides no further details regarding how each Defendant was involved. *Id*. Plaintiff has attached a grievance to the complaint, but this too fails to clarify how each Defendant was personally involved.[2] *Id*. at 6.

Again, the reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim

---

[1] Plaintiff identifies this John Doe as the C/O in the "bubble" on October 17, 2014. (Doc. 5, p. 2). However, this John Doe is not mentioned in either of the motions for immediate injunctive relief. (*See* Docs. 1 and 9). Instead, in the caption of both motions, Plaintiff names John Doe #1 (counselor), John Doe #2 (placement officer), and John Doe #3 (intelligence officer). In addition to John Does #1-3, Plaintiff names Duncan, Moore, Tredway, and Rhodes as Defendants, but not Godinez in the motions. (*See* Docs. 1 and 9). These discrepancies further hinder the Court's ability to identify which Defendants Plaintiff seeks to hold liable.

[2] In fact, the grievance confuses matters even more by asserting allegations against individuals who are not named as defendants in the complaint or in either motion for immediate injunctive relief.

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has

not included a defendant in his statement of the claim, the defendant cannot be said to be

adequately put on notice of which claims in the complaint, if any, are directed against him.

Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim

against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff

cannot state a claim against a defendant by including the defendant's name in the caption.").

Based on the information in the complaint, the Court cannot determine how each individual

Defendant was personally involved in the alleged constitutional violation.

Second, in the statement of the claim, Plaintiff states, "Documentation are attach with

other legal papers inside 1-8 write out."  (Doc. 5, p. 7).  Attached to the second motion for

immediate injunctive relief (Doc. 9) is a declaration by Plaintiff with paragraphs which are

numbered D-1 through D-8 (although not in that order).  It would appear that this is the

documentation Plaintiff is referring to, but it is not entirely clear.  It is critical that all claims

against all defendants be clearly and concisely stated in the complaint.  Documentation in

support of the complaint should be attached *to the complaint*, not to another motion.  The Court

cannot piece together claims presented across multiple filings.

> Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a
> court or opposing party to understand whether a valid claim is alleged and if so
> what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted),
> *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also*
> *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint
> "must be presented with clarity sufficient to avoid requiring a district court or
> opposing party to forever sift through its pages in search" of what it is the plaintiff
> asserts).  A complaint that is prolix and/or confusing makes it difficult for the
> defendant to file a responsive pleading and makes it difficult for the trial court to
> conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).  *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

Plaintiff's complaint, as presently drafted, is confusing and difficult to follow.  The Court must search through multiple docket entries to piece together the allegations, and even then, the claims are not clear.  The Court is well aware of the serious nature of Plaintiff's allegations, but the Court simply cannot conduct the requisite preliminary review under § 1915(A) and move this litigation forward until Plaintiff has filed a properly drafted complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (Doc. 5) is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiff is **GRANTED** leave to refile his First Amended Complaint in compliance with this Memorandum and Order within **THIRTY-FIVE (35) DAYS** of entry of this Memorandum and Order (on or before January 14, 2015).

**IT IS FURTHER ORDERED** that Plaintiff's motions for immediate injunctive relief (Docs. 1 and 9) are **DENIED** without prejudice.

Plaintiff is **STRONGLY ADVISED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant.  The complaint must present all claims against all defendants in one single document, which must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the complaint.  If Plaintiff still seeks injunctive relief, he must file a new motion.  The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody.  It is strongly recommended that Plaintiff use these forms to draft his new complaint.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file a First Amended Complaint in strict compliance with this Memorandum and Order or if the First Amended Complaint fails to state a claim upon which relief may be granted, this case will be dismissed for failure to comply with an order of this Court and the dismissal shall count as a strike under 28 U.S.C. § 1915(g).  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 10, 2014**

s/ STACI M. YANDLE
United States District Judge