IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE BROWN, #K-7247, and ) | |
| STEVEN RUTLEDGE, #N-87582, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1266-SMY |
| ) | |
| STEVEN DUNCAN, ) | |
| SALVADOR GODINEZ, MRS. WEAVER, ) | |
| MRS. HOPPER, RODNEY HUGHES, ) | |
| GALEN DELLINGER, and ) | |
| COUNSELOR RAY ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court for review of Plaintiffs' First Amended Complaint (Doc. 13) and Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order (Doc. 14) filed on January 8, 2015. Plaintiffs Maurice Brown and Steven Rutledge, inmates who are currently incarcerated at Lawrence Correctional Center ("Lawrence"), bring this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs assert an Eighth Amendment claim against Defendants Duncan, Weaver, Hopper, Hughes[1], Dellinger, Ray, and Godinez for their deliberate indifference to Plaintiffs' safety. Plaintiffs seek monetary damages and immediate injunctive relief.

**Procedural History**

Plaintiff Maurice Brown originally attempted to initiate this case by filing a motion

---

[1] Plaintiffs designate "Rodney Hughes" as a Defendant in the caption and under the section provided to name defendants on the Court-provided form. (*See* Doc. 13, pp. 1-2). However, throughout the body of the complaint, the only "Rodney" Plaintiffs refer to is "Rodney Rhodes." *Id*. at 8.

requesting immediate injunctive relief. (Doc. 1). In an Order dated November 18, 2014 (Doc. 3), the Court advised Plaintiff Brown that he must first file a complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure, before the Court could conduct a preliminary review of the case, as required by 28 U.S.C. § 1915(A). The Court delayed ruling on the motion for immediate injunctive relief (Doc. 1) and ordered Brown to file a complaint by December 23, 2014. Plaintiff Brown filed a complaint (Doc. 5) within the allotted time frame, but it was stricken for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (*See* Doc. 11). However, the Court granted Plaintiff Brown leave to refile an amended complaint on or before January 14, 2015.

On January 8, 2015, Plaintiff Brown filed his First Amended Complaint[2] (Doc. 13) and a motion for preliminary injunction and/or temporary restraining order (Doc. 14). The First Amended Complaint seeks to join Steven Rutledge as a co-plaintiff and names several new Defendants. Under the circumstances, the Court deems it necessary to address some preliminary matters before reviewing this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must warn them as to the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal

---

[2] As an aside, the Court notes that the Amended Complaint (Doc. 13) refers to several exhibits (i.e., exhibit C and exhibits 1-6) that are not attached to the Complaint.

Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit further noted at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are three plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be three times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore,

if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit going forward.

In the present case, both Plaintiffs have filed motions to proceed *in forma pauperis*. (*See* Docs. 4 and 16). Moreover, both Plaintiffs have signed the complaint, as well as all subsequent motions. The Court is convinced that each Plaintiff has sufficiently demonstrated his interest in pursuing the present action. As such, each Plaintiff may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998). Nonetheless, each Plaintiff may still elect to voluntarily dismiss or sever his individual claims.

In addition, if Plaintiffs Brown and Rutledge desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **ADVISED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Plaintiffs are further advised that even if they elect to proceed together, the Court may determine at some later stage that the case should be severed in accordance with the Federal Rules of Civil Procedure. At this juncture, it is difficult to know whether severance will become

---

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

necessary.

Finally, the Amended Complaint requests leave to certify this cause as a class action in the future. (Doc. 13, p. 14). Plaintiffs are advised that the Federal Rules of Civil Procedure permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)). Plaintiffs have filed a motion for recruitment of counsel (Doc. 15), which shall be addressed in a separate order. Until that motion is addressed, a ruling on class certification is premature.

## **Merits Review Under 28 U.S.C. § 1915A**

The amended complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the

factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations in light of this standard, the Court finds that the complaint survives preliminary review under § 1915A.

## The Complaint

Plaintiffs Brown and Rutledge each allege that over the last several months they have repeatedly requested and been denied protective custody by officials at Lawrence Correctional Center. (Doc. 13, pp. 7-11). The facts and circumstances surrounding each Plaintiff's specific situation differ, but the general allegations against the Defendants are largely the same. Each Plaintiff claims that he feared for his safety in general population housing at Lawrence, notified Defendants of this fear, and requested protective custody. *Id*. Plaintiffs assert that officials ignored their requests to be placed in protective custody and instead attempted to house both Plaintiffs in the general population, where their alleged enemies were housed. Plaintiffs both refused to be placed in the general population housing unit and were issued disciplinary tickets as a result. Subsequently, they each were sent to segregation for "refusing housing." *Id*.

Plaintiffs filed emergency grievances with Defendant Duncan (warden at Lawrence). Plaintiffs also maintain that Defendant Godinez has been notified that Lawrence does not offer protective custody for its inmates, in violation of state administrative law and the Eighth Amendment to the United States Constitution, and yet he has failed to intervene. *Id*. at 13. Plaintiffs assert that by failing to intervene, Godinez has condoned the unconstitutional policy.

Plaintiff Brown also sent request slips to Defendants Weaver and Hopper (assignment/placement officers) asking to be moved to protective custody. *Id*. at 7. Plaintiff Brown alleges that his requests were "ignored." *Id*. at 7. Plaintiff Brown next asked Rodney

Rhodes[4] (housing wing correctional officer) to place him in protective custody. Allegedly Rhodes told Brown that he needed to learn how to fight, issued Brown a disciplinary ticket for "insolence," and sent Brown to segregation. *Id*. at 8. Defendant Ray also ignored Brown's requests to be placed in protective custody. *Id*. Likewise, Brown informed Defendant Dellinger of the situation and again requested protective custody. Defendant Dellinger also denied Plaintiff Brown's request and issued Plaintiff Brown a disciplinary report for "refusing housing," which resulted in Brown being sent to segregation again. *Id*.

Similarly, Plaintiff Rutledge has been requesting protective custody for several months. *Id*. at 10. Rutledge asserts that Defendant Duncan refused to notify Rutledge in writing that his request for protective custody had been denied. *Id*. Further, Plaintiff Rutledge claims that Defendant Ray interfered with his ability to grieve and appeal decisions related to protective custody. *Id*. at 11. Rutledge also maintains that Defendants Weaver and Hopper refused to review Rutledge's request for protective custody and instead sent him to segregation for refusing to be placed in general population housing. *Id*.

## Analysis

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order to state a failure to protect claim, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his

---

[4] Plaintiffs refer to "Rodney Rhodes" in the body of the complaint, but do not name his as a defendant in the caption or under the section designated for defendants. *See* footnote 1 herein.

safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiffs seek monetary damages and injunctive relief. Treating Plaintiffs' allegations as true, as it must at this stage, the Court finds that the amended complaint sets forth two claims under the Eighth Amendment against Defendants for their deliberate indifference to Plaintiffs' safety. Plaintiff Brown may proceed on his failure to protect claim (Count 1) for monetary damages against Defendants Duncan, Weaver, Hopper, Dellinger, and Godinez in their individual capacities. Likewise, Plaintiff Rutledge may proceed on his failure to protect claim (Count 2) for monetary damages against Defendants Duncan, Weaver, Hopper, Ray, and Godinez in their individual capacities.

Although Plaintiffs name Defendant Rodney Hughes in the caption of the complaint, they do not refer to him in the statement of the claim. Instead, Plaintiffs refer to Rodney Rhodes in the statement of the claim (but do not name him as a defendant). Most likely "Rodney Hughes" and "Rodney Rhodes" refer to the same individual, but the Court cannot be put in the position of guessing the correct name of a defendant. For this reason, Defendant Hughes will be dismissed from this action at this time without prejudice. Neither Rodney Hughes nor Rodney Rhodes will be served. If Plaintiffs wish to reinstate Rodney Hughes or add Rodney Rhodes as a Defendant, they must seek leave to amend the complaint.

Plaintiffs also seek injunctive relief. Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Therefore, Defendant Duncan shall also remain as a Defendant

in his official capacity as the **WARDEN OF LAWRENCE** for purposes of injunctive relief. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

### Motion for Preliminary Injunction and/or Temporary Restraining Order

Plaintiffs have also filed a motion for preliminary injunction and/or temporary restraining order (Doc. 14) requesting, among other things, that they be placed in protective custody immediately. In order to obtain this relief, Plaintiffs must demonstrate that: (1) their underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiffs will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Without expressing an opinion as to the ultimate merits of the motion, the Court's preliminary review dictates that Plaintiffs' request for immediate injunctive relief deserves prompt consideration.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiffs' request for immediate injunctive relief (Doc. 14) is hereby **REFERRED** to United States Magistrate Judge Frazier, who shall resolve the request for injunctive relief as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

### Other Pending Motions

Plaintiff Rutledge's motion for leave to proceed *in forma pauperis* (Doc. 16) remains **PENDING** and shall be addressed by the Court in a separate order.

Plaintiffs' motion for recruitment of counsel (Doc. 15) also remains **PENDING** and shall be referred to United States Magistrate Judge Frazier for a decision.

The motion for service at government expense (Doc. 17) is unnecessary and, therefore, shall be **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that each Plaintiff shall advise the Court in writing on or before January 29, 2015, if he wishes to pursue his claims individually in a separate lawsuit.

**IT IS HEREBY ORDERED** that Plaintiff Brown's claim for damages **(Count 1)** against Defendants **DUNCAN, WEAVER, HOPPER, DELLINGER**, and **GODINEZ** in their individual capacities and Plaintiff Rutledge's claim for damages **(Count 2)** against Defendants **DUNCAN, WEAVER, HOPPER, RAY,** and **GODINEZ** in their individual capacities shall proceed. Plaintiffs may also proceed on their request for injunctive relief against Defendant **DUNCAN** in his official capacity as **WARDEN OF LAWRENCE.**

**IT IS FURTHER ORDERED** that Defendant **HUGHES** is **DISMISSED** from this action **WITHOUT PREJUDICE.**

The Clerk of Court is **DIRECTED** to complete, on Plaintiffs' behalf, a summons and form USM-285 for service of process on Defendants **DUNCAN, WEAVER, HOPPER, DELLINGER**, **RAY**, and **GODINEZ**. The Clerk shall issue the completed summons, and prepare a service packet for Defendants consisting of: the completed summons, the completed form USM-285, a copy of the First Amended Complaint (Doc. 13), the Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order (Doc. 14), and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on Defendants.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon each Defendant, the service packets containing the summons, form USM-285, a copy of the First Amended Complaint (Doc. 13), the Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order (Doc. 14), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiffs' motion for injunctive relief.

Plaintiffs shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs

under § 1915, Plaintiffs will be required to pay the full amount of the costs, even if both of their applications to proceed *in forma pauperis* are granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicants and their attorneys were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiffs and remit the balance to plaintiffs.  Local Rule 3.1(c)(1).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change of address; the Court will not independently investigate Plaintiffs' whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 23, 2015**

                                                         s/ STACI M. YANDLE
                                                         United States District Judge