**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-cv-1266-SMY-PMF** |
| | ) | |
| **STEVEN B. DUNCAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Before the Court is Defendants' Motion for Summary Judgment on the Affirmative Defense of Exhaustion of Administrative Remedies (Doc. 72).  The motion is opposed (Docs. 86-87, 90).  For the reasons that follow, the motion is **GRANTED**.

Plaintiff Maurice Brown is challenging the conditions of his confinement at Lawrence Correctional Center, alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from a threat of violence at the hands of other prisoners.  Defendants seek a ruling in their favor on their defense that Brown failed to properly exhaust his available administrative remedies prior to filing suit.

### <u>Discussion</u>

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy.  42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).  The state's procedural rules establish the contours of the requirement.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  In other words, to exhaust, inmates must file complaints

and appeals in the place and at the time the prison's administrative rules require.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).   In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level and ends with a decision by the director, who acts through the administrative review board (ARB).   20 Ill. Admin. Code §§ 504.810, 504.850.

Here, in support of their motion, Defendants submit an affidavit and supporting materials showing that the ARB received no appeal from Brown on this issue.   Because the ARB is the last step of the formal grievance procedure, this information permits the inference that Brown did not exhaust all of his available remedies before he filed this action on November 10, 2014.

In response, Brown explains that he prepared and submitted an emergency grievance regarding the unsafe conditions created by dangerous inmates on October 31, 2014.   At that time, he was confined in the prison's segregation unit, as he had just refused to accept a housing assignment in unit 2B.   His decision to refuse housing in 2B was motivated by anticipation of problems with one particular gang member and other inmates affiliated with that gang (Doc. 62). The grievance was placed in the cell door for pick up by corrections staff and delivery to the warden.   Brown received no response to his emergency grievance.   He filed this action ten days later, on November 10, 2014 (Doc. 1).   Brown remained in the segregation unit for approximately 30 days.   Upon release from segregation, he was assigned to a different housing unit in general population.   His fear of an impending assault by dangerous inmates persists, although he has not been physically assaulted in the recent past.

The Court is satisfied that Brown's grievance served the primary purpose of the statutory exhaustion requirement: to give prison officials notice of the prisoner's problem and give them an

opportunity to resolve it before a lawsuit is filed. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537-38 (7th Cir. 1999). Moreover, because Brown never received a response to his emergency grievance, he had nothing to appeal to the ARB. Hence, by filing the emergency grievance with the warden, he completed the administrative remedy steps that were available to him. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)(inmates are not required to complete procedural steps that are effectively unavailable).

The Court notes, however, that Brown filed this litigation just ten days after he submitted his emergency grievance to the warden. The exhaustion requirement does not allow prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances. *See Lewis v. Washington*, 300, F.3d 829, 833 (7th Cir. 2002). On the other hand, inmates must give prison authorities a reasonable opportunity to respond to their grievance before initiating litigation. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). In their current form, the emergency grievance procedures do not set a deadline for a warden's response. 20 Ill. Admin. Code 504.840.

Decisions from the Seventh Circuit Court of Appeals are somewhat helpful in assessing the appropriate waiting period, suggesting that two days is not long enough and fifty one days is. *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174-75 (7th Cir. 2010); *Muhammad v. McAdory*, 214 Fed. Appx. 610, 611-13 (7th Cir. 2007). In this District, Judge Rosenstengel has held that an inmate who claimed he had been attacked by hostile inmates could file suit after waiting sixteen days for a response to his emergency grievance. *Godfrey v. Harrington*, 2015 WL 1228829, No. 13-280-NJR (S.D. IL March 16, 2015). In *Mlaska v. Shah*, 428 Fed. Appx. 642, 645 (7th Cir. 2011), 30 days was not a long enough wait for a response.

3

Considering the particular circumstances of this case, a lawsuit filed ten days after an emergency grievance regarding a threat of impending harm was too soon.  Brown's concerns arose when he was assigned to live in housing unit 2B.  While he was not immediately given protective custody status, he was also not forced to live in unit 2B amongst his enemies.   When he refused the 2B housing assignment, he was promptly moved to the facility's segregation unit.  Although the segregation unit did not offer the same level of protection that Brown would have obtained if he had been moved to a protective custody unit, Brown was safe for the time being – he was not assaulted by those he feared in while in 2B.

The Court is satisfied that this action is premature.   Brown did not give prison officials a reasonable opportunity to consider his October 31, 2014, emergency grievance before filing his Complaint with the Court.   Accordingly, Defendants' motion for summary judgment is **GRANTED**.   This action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:   March 17, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

4